UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL RODRIGUEZ RUVALCABA,

       Petitioner,

       v.                                    Case No.:  2:26-cv-01574-SPC-KRH

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

       Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Noel Rodriguez Ruvalcaba's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Rodriguez Ruvalcaba is a native of Cuba who entered the United States on December 5, 2014.  A Border Patrol agent commenced removal proceedings by issuing a notice to appear and released Rodriguez Ruvalcaba into the country.  An immigration judge ordered him removed to Spain or Cuba on August 16, 2018.  On October 15, 2018, Immigration and Customs Enforcement ("ICE") released Rodriguez Ruvalcaba under an order of supervision.  ICE took him back into custody on November 27, 2025, and detained him at Alligator Alcatraz.  On January 5, 2026, ICE transferred Rodriguez Ruvalcaba to a facility on the Mexican border but was unable to remove him and returned him to Alligator Alcatraz.  ICE claims Rodriguez Ruvalcaba failed to comply with removal efforts but does not say how.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Rodriguez Ruvalcaba's petition is premature because his current detention had not exceeded 180 days when he filed his petition. The argument assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas.* It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Rodriguez Ruvalcaba has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him to Spain or Cuba in 2018, and there is no indication either Spain or Cuba is likely to accept him now.

The burden thus shifts to the government. ICE points to its January 2026 attempt to send Rodriguez Ruvalcaba to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and

constitutional requirements.  *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture).  ICE makes no attempt to show it can lawfully remove Rodriguez Ruvalcaba in the reasonably foreseeable future.

The Court finds no significant likelihood Rodriguez Ruvalcaba will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Rodriguez Ruvalcaba to "assur[e] [his] presence at the moment of removal."  *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Noel Rodriguez Ruvalcaba's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Rodriguez Ruvalcaba within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record